# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelley McNaughton, | No. CV 10-1250-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Kelley McNaughton, who is confined in Maricopa County's Estrella Jail, Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 concerning events while she was held as a pre-trial detainee in Maricopa County's Estrella Jail in Phoenix, Arizona, and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 3)[1] The Court will order Defendant Franzetti to answer Count I of the Complaint and will dismiss the remaining claims and Defendant without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $19.00. 28 U.S.C. § 1915(b)(1). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The

---

[1] "Doc." refers to the docket number of documents filed in this case.

Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

Plaintiff alleges one count for threat to safety and violation of the Prison Rape Elimination Act (PREA), 42 U.S.C. §§ 15601-609. Plaintiff sues Maricopa County Sheriff

1  Arpaio and Dr. Joseph Franzetti, a psychiatrist under contract to Maricopa County. Plaintiff
2  appears to seek injunctive relief.

3  Plaintiff alleges the following facts in the Complaint: Plaintiff underwent a court-
4  ordered Rule 11 competency evaluation on August 25, 2009, conducted by Dr. Joseph
5  Franzetti. During the evaluation, Dr. Franzetti made sexual advances toward, and sexual
6  contact with, Plaintiff while she was handcuffed and attempting to prevent such contact.
7  Following the incident, Plaintiff requested a grievance form and was told she could not
8  grieve Franzetti's conduct. Plaintiff alleges retaliation against her after she disclosed the
9  incident to staff, but she does not describe the alleged retaliation or identify who engaged in
10 such conduct.

11 **IV.  Failure to State a Claim**

12 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
13 conduct about which they complain was committed by a person acting under the color of
14 state law and (2) the conduct deprived them of a federal constitutional or statutory right.
15 Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege
16 that they suffered a specific injury as a result of the conduct of a particular defendant and
17 they must allege an affirmative link between the injury and the conduct of that defendant.
18 Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

19 **A.  Sheriff Arpaio**

20 Plaintiff sues Maricopa County Sheriff Arpaio. Although Arpaio may properly be
21 sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff
22 must allege facts, not simply conclusions, that show that an individual was personally
23 involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194
24 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege
25 that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los
26 Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior*
27 liability under § 1983, so a defendant's position as the supervisor of someone who allegedly
28 violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc.

1  Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff alleges that Arpaio and his deputies failed to keep her safe during her Rule 11 interview. As noted above, *respondeat superior* does not support liability under § 1983 and Plaintiff fails to allege facts to support that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Plaintiff also fails to allege facts to support that Arpaio directly violated her constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act. Plaintiff therefore fails to state a claim against Arpaio in the Complaint and he will be dismissed.

**B.    PREA**

Plaintiff in part asserts a violation of PREA. (Doc.1 at 3.) PREA provides for the reporting of incidents of rape in prison, the allocation of grants, and created a study commission. It does not, however, give rise to a private cause of action. Bell v. County of Los Angeles, No. CV07-8187-GW(E), 2008 WL 4375768, at *6 (C.D. Cal. Aug 25, 2008); Chinnici v. Edwards, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug 12, 2008); LeMasters v. Fabian, Civil No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); Rindahl v. Weber, No. CIV. 08-4041-RHB, 2008 WL 5448232, at *1 (D.S.D. Dec.31, 2008). Because the PREA does not provide a private cause of action, Plaintiff's claim will be dismissed to the extent that she seeks relief under PREA.

**C.    Requested Relief**

Rule 8(a)(3) of the Federal Rules of Civil Procedure states that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." The failure to ask for a particular form of relief, such as compensatory damages, may later preclude an award of such relief if granting such relief would prejudice the opposing party. See Seven Words LLC v. Network Solutions, 260 F.3d

1  1089, 1098 (9th Cir. 2001) (party may be precluded from receiving relief not requested in

2  pleadings if the party's failure to request such relief prejudices the opposing party).

3  As requested relief, Plaintiff states that she is:

4  requesting a fair trial– in order to insure that Dr. Franzetti does not continue
   this behavior on anyone else.  I have suffered a great deal of mental post-
5  traumatic stress.  I am receiving special counseling due to this, and I find this
   extremely depressing, and horrible for me to experience.

7  (Doc.1 at 6.)  Thus, Plaintiff appears to seek only declaratory or injunctive relief.

8  Plaintiff is informed that if she seeks any form of relief other than declaratory or injunctive relief, such as damages, she should promptly file an amended complaint in which she specifically states the relief sought.  Plaintiff must clearly designate on the face of an amended complaint that it is the "First Amended Complaint."  A first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.

14  A first amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

20  **V.    Claim for Which an Answer Will be Required**

21  Plaintiff sufficiently states a due process claim against Dr. Franzetti for making unwelcome sexual advances towards Plaintiff during a competency evaluation of her and while she was handcuffed.  <u>See</u> <u>Fontana v. Haskin</u>, 262 F.3d 871, 881 (9th Cir. 2001) ("There is no situation that would justify any amount of purposeful sexual verbal and physical predation against a handcuffed [detainee].").  Dr. Franzetti will be required to respond to this portion of Count I.

27  /    /    /

28  /    /    /

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of her release. Also, within 30 days of her release, she must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why she cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 3.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $19.00.

(3) Count I (in part) and Defendant Arpaio are **dismissed** without prejudice.

(4) Defendant Franzetti must answer Count I (in part).

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (doc. 1), this Order, and both summons and request for waiver forms for Defendant Franzetti.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

| | |
|---|---|
| 1 | return forms (USM-285), if required.  Costs of service will be taxed against the |
| 2 | personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil |
| 3 | Procedure, unless otherwise ordered by the Court. |

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 21st day of July, 2010.

_____
David G. Campbell
United States District Judge